1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RENEE P. GEOFFROY and ALICE MACK,          CASE NO. 06cv1732 JM(WMC)

12                              Plaintiffs,     ORDER DENYING MOTION TO
                                                DISMISS WITHOUT PREJUDICE
         vs.
13
     WASHINGTON MUTUAL BANK,
14
                              Defendant.
15   _____

16   WASHINGTON MUTUAL BANK,

17                    Third-Party Plaintiff,

18       vs.

19   JEANAN MCCULLOUGH,

20                    Third-Party Defendant.

21

22          Defendant and Third-Party Plaintiff Washington Mutual Bank ("Wamu") moves, pursuant to

23   Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's first cause of action for

24   violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA").  Plaintiffs Renee

25   Geoffroy and Alice Mack oppose the motion.  Pursuant to Local Rule 71.(d)(1), this matter is

26   appropriate for decision without oral argument.

27          The court denies the Rule 12(b)(6) motion without prejudice because the present motion is

28   largely predicated upon extraneous evidence, not properly considered on a motion to dismiss.  Arpin

1  v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should

2  not be considered in ruling on  a motion to dismiss'). Wamu, in its notice of motion and motion to

3  dismiss, represents that the "motion is based upon Plaintiffs' admissions [contained in a letter brief

4  submitted to Magistrate Judge McCurine] that the purported unauthorized transfers of funds from

5  Plaintiffs' money market savings account, . . . were accomplished through telephonic communications.

6  . . ." (Notice of Motion at p. 2:10-13). Without citing any authority, Wamu represents that the court

7  may properly take judicial notice of a letter brief which is not part of the court's docket. Furthermore,

8  the court notes  that pertinent portions of the letter brief relied upon by Wamu are primarily based

9  upon the declaration of Ms. Karen Gill, a Wamu bank officer and compliance specialist. (Request for

10  Judicial Notice, Exh.1).

11  The court concludes that Wamu's Exhibit 1 is not a proper subject for judicial notice under

12  FRE 201. A judicially noticed fact is one either (1) generally known in the community or (2) "capable

13  of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

14  questioned." FRE 201(b). Indisputably, Exhibit 1 does not satisfy either prerequisite for judicial

15  notice.[1] The court notes that Rule 56 provides Wamu with the procedural mechanism to raised

16  evidentiary-based motions.

17  In sum, the motion to dismiss is denied without prejudice.

18  **IT IS SO ORDERED.**

19  DATED:  November 30, 2007

20  _____

Hon. Jeffrey T. Miller

21  United States District Judge

22  cc:          All parties

23

24

25

26

27  _____

28  [1]  While the legal arguments raised by Wamu appear to have some merit, the court simply cannot apply extrinsic evidence to the legal arguments on a Rule 12(b)(6) motion in order to determine whether Plaintiffs state a claim for violation of EFTA.